IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | DEFENDANT MARVIN MURILLOS-SELIZ'S SENTENCING MEMORANDUM |
| vs. | Case No. 20-CR-17-WMC |
| MARVIN A. MURILLOS-SELIZ,<br>Defendant. | |

Marvin Murillos-Seliz, by attorney Jeff W. Nichols, respectfully requests that this Court, the Hon. William M. Conley presiding, consider this memorandum in support of his request for a sentence within the advisory guideline range equal to the amount of time he has already served in custody and as additional information to be considered by the court.

I. PERSONAL

Marvin is a responsible, hard-working family man. He came to America for the opportunity to work and send money back to his family in Honduras. He has at times worked two jobs simultaneously.

II. INSTANT OFFENSE

As the court is aware, Marvin accepted responsibility and pled guilty to illegal reentry to the country.

1

He used no violence in the commission of this offense and does not have any history of violence.

III. SENTENCING STANDARD

When sentencing an individual, a court is required to determine how best to comply with 18 U.S.C. § 3553(a)'s "overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." *Kimbrough v. United States,* 552 U.S. 85, 128 S. Ct. 558, 564-565 (2007); *United States v. Booker*, 543 U. S. 220, 245 (2005). 18 U.S.C. § 3553 requires district courts to give "respectful consideration" to the guidelines, but "permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough,* 128 S. Ct. at 570 (citing *Booker*, 543 U.S. at 245-246): see also *Gall v. United States,* 552 U.S. 38, 128 S. Ct. 586, 594-596 (2007).

Pursuant to 18 U.S.C. § 3553, the court, in determining the particular sentence to be imposed, shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing ranges established for- (A) the applicable category of offense committed by the applicable category of

defendant as set forth in the [Sentencing] guidelines... in effect on the date the defendant is sentenced...;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In making its' determination, courts should consider the advisory sentencing guidelines, but must weigh all of the § 3553(a) factors. *Gall,* 128 S. Ct. at 596. While [§ 3553] requires district courts to give "respectful consideration" to the Guidelines, [citation omitted] *Booker* "permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough,* 128 S. Ct. at 570 *(citing Booker,* 543 U.S. at 245-246*):* see also *Gall v. United States*, 128 S. Ct. at 594-596. A district court is free to impose a non-guidelines sentence when the guideline range fails to reflect the § 3553(a) considerations, or when a case "warrants a different sentence regardless." *Rita* v. *United States,* 551 U.S. 338, 127 S. Ct. 2456, 2465 (2007).

IV.  SENTENCING GUIDELINE CALCULATIONS

A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall*, 522 U.S. at 596.

Marvin registered two objections and one clarification to the PSR. Neither objection by the defense was accepted.

Marvin maintains that the imposition of one criminal history point for a civil OWI overstates his criminal history. He was in federal custody and unable to attend the court hearing at which he was defaulted and found guilty. He was denied the

3

opportunity to contest the charge. The mitigating circumstances of his conviction leads to the conclusion that the PSR overstates his criminal history.

V.    SENTENCE THAT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY

The sufficient-but-not-greater-than-necessary directive is not a "factor" to be considered. Rather, it sets an independent upper limit on the sentence a court may impose.

The goals of sentencing can be met by a time-served federal sentence.

Marvin has been in federal custody since February 1, 2020. By his sentencing date, the almost six-months he has spent in federal custody falls one month shy of the top of the advisory guideline range. The requested sentence results in a sentence that is sufficient but not more than necessary to accomplish the goals of sentencing.

Marvin asks that the court find that he does not have the ability to pay a fine without impairing his ability to support himself and his family upon his release from imprisonment.

CONCLUSION

Mr. Murillos-Seliz asks the Court to grant his request for a term of imprisonment within the guideline range that results in a time-served sentence.

Respectfully submitted,

Dated July 28, 2020.

                                      NICHOLS LAW OFFICE

                                      <u>s/ Jeff W. Nichols</u>
                                      Jeff W. Nichols SBN 1000916
                                      Attorney for Defendant
                                      Nichols Law Office
                                      354 West Main Street
                                      Madison, WI 53703
                                      Phone Number (608) 249-8020
                                      Fax Number (608) 442-9494
                                      Email: jeff@nichlaw.com